IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CORPORATION, a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; DISNEY ONLINE, a California corporation; THE WALT DISNEY COMPANY; a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; FACEBOOK, INC., a Delaware corporation; GOOGLE INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; NBC UNIVERSAL, INC., a Delaware corporation; THE NEW YORK TIMES COMPANY, a New York corporation; and YOUTUBE, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 2:09-CV-175-TJW<br><br>**Jury Trial Demanded** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Beneficial Innovations, Inc. ("Beneficial Innovations") sues Defendants Comcast Corporation, The Dallas Morning News, Inc., Digg, Inc., Disney Online, The Walt Disney Company; Ebaum's World, Inc., Facebook, Inc., Google, Inc., IAC Search & Media, Inc., Morris Communications Company, LLC, The New York Times Company, NBC Universal, Inc., and YouTube, LLC (collectively "Defendants") and, on information and belief, alleges as follows:

1

### Introduction

1. Plaintiff Beneficial Innovations, Inc. ("Beneficial Innovations") owns the inventions described and claimed in United States Patent No. 7,496,943 entitled "Networking System for Presenting Advertising" (the "'943 Patent"). Defendants (a) have used and continue to use Plaintiff's patented technology in products that they make, use, import, sell, and offer to sell, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the Patents. Beneficial Innovations seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents without Plaintiff's permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

3. Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### Plaintiff Beneficial Innovations

4. Plaintiff Beneficial Innovations is a corporation existing under and by virtue of the laws of the State of Nevada.

### Defendants

5. Upon information and belief, Comcast Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Philadelphia, Pennsylvania.

6. Upon information and belief, The Dallas Morning News, Inc. is a Delaware corporation having its principle place of business in Dallas, Texas.

7. Upon information and belief, Digg, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

8. Upon information and belief, Disney Online is a corporation organized and existing under the laws of the State of California, with its principal place of business in Burbank, California.

9. Upon information and belief, The Walt Disney Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Burbank, California.

10. Upon information and belief, Ebaum's World, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Rochester, New York.

11. Upon information and belief, Facebook, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Palo Alto, California.

12. Upon information and belief, Google Inc. is a Delaware corporation having its principal place of business in Mountain View, California ("Google"). Google is registered to do business as a foreign for-profit corporation in the state of Texas. Google's foreign corporation registration lists Corporation Service Company DBA CSC as its registered agent for service of process.

13. Upon information and belief, IAC Search & Media, Inc., is a Delaware corporation having its principal place of business in Oakland, California ("IAC"). IAC is registered to do business as a foreign for-profit corporation in the state of Texas. IAC's foreign corporation registration lists National Registered Agents, Inc. as its registered agent for service of process.

14. Upon information and belief, Morris Communications Company, LLC is a Georgia limited liability company having its principle place of business in Augusta, Georgia.

15. Upon information and belief, The New York Times Company is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

16. Upon information and belief, NBC Universal, Inc. is a Delaware corporation having its principal place of business in New York, New York.

16. Upon information and belief, YouTube, LLC is a Delaware limited liability company with its principle place of business in Bruno, California.

**First Claim for Patent Infringement**
**(infringement of the '943 patent)**

16. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 12 above and further alleges as follows:

17. The United States Patent and Trademark Office issued the '943 patent on February 24, 2009. Attached as Exhibit A is what is believed to be a copy of the text of the '943 patent. Through assignment, Plaintiff is the owner of all right, title, and interest in the '943 patent, including all rights to pursue and collect damages for past infringements of the patent.

18. Defendants Comcast Corporation, The Dallas Morning News, Inc., Digg, Inc., Disney Online, Inc., The Walt Disney Company, Ebaum's World, Inc., Facebook, Inc., Google, Inc., IAC Search & Media, Inc., Morris Communications Company, LLC, The New York Times Company, NBC Universal, Inc., and YouTube, LLC have infringed, contributed to the infringement, or induced others to infringe the '943 Patent and, unless enjoined, will continue to infringe the '943 Patent by using the method(s) claimed in the '943 Patent or by contributing to or inducing others to use the claimed method(s), including at least the use of the patented methods on the following websites, without a license or permission from Plaintiff:

| **Defendant** | **Infringing website** |
|---|---|
| Comcast Corporation | www.comcast.net |
| The Dallas Morning News, Inc. | www.dallasnews.com |

| Digg, Inc. | www.digg.com |
|---|---|
| Disney Online, Inc. | www.go.com; www.espn.com; www.abc.com |
| The Walt Disney Company | www.go.com; www.espn.com; www.abc.com |
| Ebaum's World, Inc. | www.ebaumsworld.com |
| Facebook, Inc. | www.facebook.com |
| Google, Inc. | www.google.com |
| IAC Seach & Media, Inc. | www.excite.com; www.evite.com; www.citysearch.com; www.ask.com; www.match.com; www.monster.com |
| Morris Communications Company, LLC | www.augustchronicle.com |
| The New York Times Company | www.nytimes.com |
| NBC Universal, Inc. | www.nbc.com |
| YouTube LLC | www.youtube.com |

19. Plaintiff has been damaged by Defendants' infringement of the '943 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '943 patent.

20. The Defendants are and have been willfully infringing one or more claims of the '943 patent.

21. Plaintiff is entitled to recover damages from the Defendants to compensate them for the infringement.

22. Plaintiff demands trial by jury of all issues relating to this claim.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '943 patent;

B. Compensatory damages for Defendants' infringement of the '943 patent;

C. Treble the compensatory damages as consequence of Defendants' willful infringement;

D. Costs of suit and attorneys' fees on the basis that this patent infringement case is exceptional;

E. Pre-judgment interest; and

F. For such other relief as justice requires.

Dated: September 4, 2009

Respectfully submitted,

By: /s/ S. Calvin Capshaw
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Of Counsel:

Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

ATTORNEYS FOR PLAINTIFF
BENEFICIAL INNOVATIONS