# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC. § <br> Plaintiffs § <br> § <br> vs. § <br> § <br> COMCAST CORPORATION, a Delaware § <br> corporation; THE DALLAS MORNING § <br> NEWS, INC., a Delaware corporation; § <br> DIGG, INC., a Delaware corporation; § <br> DISNEY ONLINE, a California corporation; § <br> THE WALT DISNEY § <br> COMPANY; a Delaware corporation; § <br> EBAUM'S WORLD, INC., a New York § <br> corporation; FACEBOOK, INC., a Delaware § <br> corporation; GOOGLE INC., a Delaware § <br> corporation; IAC SEARCH & MEDIA, § <br> INC., a Delaware corporation; MORRIS § <br> COMMUNICATIONS COMPANY, LLC, a § <br> Georgia limited liability company; NBC § <br> UNIVERSAL, INC., a Delaware § <br> corporation;, THE NEW YORK TIMES § <br> COMPANY, a New York corporation; and § <br> YOUTUBE, LLC, a § <br> Delaware limited liability company, <br> Defendants | CIVIL ACTION NO. 2:09-CV-175-TJW <br><br> JURY TRIAL DEMANDED |

___

### DEFENDANT MORRIS COMMUNICATIONS COMPANY, LLC'S
### ANSWER AND COUNTERCLAIMS TO
### PLAINTIFF BENEFICIAL INNOVATIONS, INC.'S AMENDED COMPLAINT
___

Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, Defendant Morris Communications Company, LLC ("Morris") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Beneficial Innovations, Inc.'s ("Beneficial") Amended Complaint ("Complaint").

## I. ANSWER

### Introduction

1. Morris is without sufficient knowledge or information to form a belief as to the truth to the averments as to who owns United States Patent Nos. 7,496,943 ("the '943 patent") contained in paragraph 1 of Plaintiff's Complaint and on that basis denies them. Morris denies all other averments contained in paragraph 1 of Plaintiff's Complaint that apply to Morris. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint as to the other Defendants and on that basis denies them.

### Jurisdiction and Venue

2. Morris admits that Plaintiff's Complaint attempts to assert a cause of action under the patent laws of the United States, United States Code Title 35, and admits that the Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

3. Morris admits that venue is proper in this District, but denies it has committed and/or continues to commit acts of infringement in this District or anywhere else. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Complaint as to the other Defendants and on that basis denies them.

### Plaintiff Beneficial Innovations

4. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint and on that basis denies them.

### Defendants

5. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint and on that basis denies them.

6. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint and on that basis denies them.

7. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 7 of Plaintiff's Complaint and on that basis denies them.

8. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 8 of Plaintiff's Complaint and on that basis denies them.

9. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 9 of Plaintiff's Complaint and on that basis denies them.

10. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint and on that basis denies them.

11. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Complaint and on that basis denies them.

12. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint and on that basis denies them.

13. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Complaint and on that basis denies them.

14. Morris admits that its name is Morris Communications Company, LLC. and that it is a Georgia limited liability company having its principle place of business in Augusta, Georgia.

15. Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in paragraph 15 of Plaintiff's Complaint and on that basis denies them.

16.1 Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in the first paragraph 16 of Plaintiff's Complaint and on that basis denies them.

16.2    Morris is without sufficient knowledge and information to form a belief as to the truth of the averments contained in the second paragraph 16 of Plaintiff's Complaint and on that basis denies them.

### First Claim for Patent Infringement – Infringement of the '943 Patent

16.3.   Morris refers to and incorporates herein by reference the responses to each of the allegations in paragraphs 1-16.2 above.

17.     Morris admits that the '943 patent, as attached as Exhibit A to Plaintiff's Complaint, bears the issue date of February 24, 2009.  Morris is without sufficient knowledge and information to form a belief as to the truth to the averments that Plaintiff is the owner of all right, title, and interest in the '943 patent, including all rights to pursue and collect damages for past infringement of the patent and on that basis denies them.  Morris denies the remaining averments contained in paragraph 17 of Plaintiff's Complaint.

18.     Morris denies the averments set forth in paragraph 18 of Plaintiff's Complaint to the extent they apply to Morris.  The Augusta Chronicle, whose website www.augustachronicle.com is accused of infringing in paragraph 18 of Plaintiff's Complaint, is owned by a subsidiary company of Morris Publishing Group LLC., not Morris Communications Company, LLC.  Morris is without sufficient knowledge and information to form a belief as to the truth of any and all remaining averments contained in paragraph 18 of Plaintiff's Complaint and on that basis denies them.

19.     Morris denies the averments set forth in paragraph 19 of Plaintiff's Complaint to the extent they apply to Morris.  Morris is without sufficient knowledge and information to form a belief as to the truth of any and all remaining averments contained in paragraph 19 of Plaintiff's Complaint and on that basis denies them.

20. Morris denies the averments set forth in paragraph 20 of Plaintiff's Complaint to the extent they apply to Morris. Morris is without sufficient knowledge and information to form a belief as to the truth of any and all remaining averments contained in paragraph 20 of Plaintiff's Complaint and on that basis denies them.

21. Morris denies the averments set forth in paragraph 21 of Plaintiff's Complaint to the extent they apply to Morris. Morris is without sufficient knowledge and information to form a belief as to the truth of any and all remaining averments contained in paragraph 21 of Plaintiff's Complaint and on that basis denies them.

22. Morris admits that Plaintiff has requested a Jury Trial in paragraph 22 of the Complaint.

## Prayer for Relief

23. Morris denies that Plaintiff is entitled to any of the relief it has requested in paragraphs A-F of Plaintiff's prayer for relief, and denies all factual allegations contained therein.

24. To the extent not expressly and unambiguously admitted in paragraphs 1 through 23 above, Morris denies all averments and allegations set forth in Plaintiff's Complaint.

## II. AFFIRMATIVE DEFENSES

1. Morris asserts the following affirmative defenses and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

## Non-Infringement

2. Morris does not infringe and has never infringed, either directly or indirectly, any valid claim of the '943 patent, either literally or under the doctrine of equivalents.

## Invalidity

3. Each claim of the '943 patent is invalid for failure to meet the conditions and requirements of patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103,

and/or 112.

### Equity

4.      Plaintiff is barred from asserting the '943 patent against Morris, in whole or in part, under principles of equity, including the doctrine of laches, prosecution laches, estoppel, waiver, acquiescence, and/or unclean hands.

### Failure to Mark – Limitations on Damages

5.      Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with the requirements of 35 U.S.C. § 287.

### Prosecution History Estoppel

6.      Plaintiff is estopped from enforcing the '943 patent as alleged because of statements, representations, and admissions made, and/or actions taken during the prosecution of the applications resulting in the '943 patent, including applications and patents in the same family.

### Reserving All Defenses

7.      Morris reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## III.  COUNTERCLAIMS

### Parties

1.      Counterclaimant Morris is a limited liability company organized and existing under the laws of the State of Georgia, with its principal executive offices at 725 Broad Street, Augusta, Georgia 30901.

2.      On information and belief, Counter-Defendant Beneficial is a corporation organized and existing under the laws of the State of Nevada.

## Jurisdiction

3. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331 and 1338(a) and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## Counterclaim Count I – Declaration of Non-Infringement of the '943 Patent

4. Morris re-alleges and incorporates by reference paragraphs 1-3 above.

5. An actual controversy exists between Morris and Beneficial, based on Beneficial's filing of its Complaint and Morris filing its Answer and Affirmative Defenses, as to whether any of Morris' products, services, or activities infringe any valid claim of the '943 patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., Morris requests a declaration from the Court that Morris does not infringe any claim of the '943 patent, either directly or indirectly.

## Counterclaim Count II – Declaration of Invalidity of the '943 Patent

7. Morris re-alleges and incorporates by reference paragraphs 1-3 above.

8. An actual controversy exists between Morris and Beneficial, based on Beneficial's filing of its Complaint and Morris filing its Answer and Affirmative Defenses, as to the validity of the '943 patent.

9. Pursuant to the Federal Declaratory Judgment Act, § 2201 *et seq.*, Morris requests a declaration from the Court that the claims of the '943 patent are invalid because they fail to meet the conditions and requirements of patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

## Jury Demand

10. Defendant and counterclaimant Morris demands a trial by jury.

## Prayer

WHEREFORE, Morris prays that this Court enter judgment in its favor and grant the following relief:

a. Dismissal of this suit with prejudice based on one or more of Morris' Affirmative Defenses;

b. A declaration that Morris has not directly or indirectly infringed any claim of the '943 patent;

c. A declaration that the claims of the '943 patent are invalid;

d. A judgment that Beneficial take nothing by way of its Complaint;

e. A judgment declaring this case is exceptional, and an order requiring Beneficial pay Morris' reasonable attorney fees and other expenses incurred in connection with this action in accordance with 35 U.S.C. § 285.

f. A judgment granting Morris costs and pre-judgment and post-judgment interest on all awards made; and

g. An order awarding Morris all such other and further relief as is available, at law or in equity, that this court deems just, equitable, and proper under the circumstances.

DATED:  October 5, 2009                    Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
John F. Bufe
State Bar No. 03316930
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (Facsimile)
mikejones@potterminton.com
johnbufe@potterminton.com

Gregory L. Maag
Lead Attorney
State Bar No. 12748500
gmaag@conleyrose.com
CONLEY ROSE, P.C.
600 Travis Street, Suite 7100
Houston, Texas 77002
Telephone: (713) 238-8000
Facsimile: (713) 238-8008

ATTORNEY FOR DEFENDANT AND
COUNTERCLAIMANT MORRIS
COMMUNICATIONS COMPANY, LLC

9

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was filed electronically in compliance with Local Rule CV-5(a)(3) and has been served this 5th day of October, 2009 on the counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Michael E. Jones*_____
Michael E. Jones

312777v1