**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

—————————————————————————

|  |  |
|---|---|
| BENEFICIAL INNOVATIONS, INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. No. 2:09-cv-175-TJW |
| | ) Jury Trial Demanded |
| COMCAST CORPORATION, a Delaware | ) |
| corporation; THE DALLAS MORNING | ) |
| NEWS, INC., a Delaware corporation; DIGG, | ) |
| INC., a Delaware corporation; DISNEY | ) |
| ONLINE, a California corporation; THE | ) |
| WALT DISNEY COMPANY, a Delaware | ) |
| corporation; EBAUM'S WORLD, INC., a | ) |
| New York corporation; FACEBOOK, INC., a | ) |
| Delaware corporation; GOOGLE INC., a | ) |
| Delaware corporation; IAC SEARCH & | ) |
| MEDIA, INC., a Delaware corporation; | ) |
| MORRIS COMMUNICATIONS | ) |
| COMPANY, LLC, a Georgia limited liability | ) |
| company; NBC UNIVERSAL, INC., a | ) |
| Delaware corporation; THE NEW YORK | ) |
| TIMES COMPANY, a New York | ) |
| corporation; and YOUTUBE, LLC, a | ) |
| Delaware limited liability company, | ) |
| | ) |
| *Defendants.* | ) |

—————————————————————————— )

**THE NEW YORK TIMES COMPANY'S ANSWER AND COUNTERCLAIMS TO
BENEFICIAL INNOVATIONS, INC.'S AMENDED COMPLAINT**

Defendant The New York Times Company (the "Times") responds to Beneficial

Innovations Inc.'s ("Plaintiff's") Amended Complaint ("Complaint"). All allegations of fact and

conclusions of law contained in Plaintiff's Complaint are denied, except those specifically

admitted herein:

## Introduction

1.      The Times: (a) admits that Beneficial Innovations seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patents; (b) denies the allegations of Paragraph 1 of the Complaint with respect to its own activities; and (c) is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 1 and therefore denies those allegations.

## Jurisdiction and Venue

2.      The Times admits that Plaintiff's Complaint purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*  The Times admits the Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

3.      The Times (a) denies that it has committed acts and continues to commit acts within this judicial district giving rise to this action, (b) is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 with respect to the other Defendants and therefore denies those allegations, (c) denies that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400, and avers that this judicial district is not the most appropriate venue for this lawsuit.

## Plaintiff Beneficial Innovations

4.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and therefore denies those allegations.

## **Defendants**

5.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and therefore denies those allegations.

6.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and therefore denies those allegations.

7.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and therefore denies those allegations.

8.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies those allegations.

9.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies those allegations.

10.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies those allegations.

11.      The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies those allegations.

12.     The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13.     The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies those allegations.

14.     The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies those allegations.

15.     Admitted.

16 (First Occurrence). The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 (First Occurrence) of the Complaint and therefore denies those allegations.

16 (Second Occurrence). The Times is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 (Second Occurrence) of the Complaint and therefore denies those allegations.

**First Claim for Patent Infringement (infringement of the '702 patent)**

16 (Third Occurrence).  The Times incorporates by reference each of the answers above and further answers as follows:

17.     The Times admits that the United States Patent and Trademark Office issued the '943 patent on February 24, 2009 and that what purports to be a copy of the text of the '943 patent is attached to the Complaint as Exhibit A.  The Times is without knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 17 of the Complaint and therefore denies those allegations.

18. The Times denies the allegations of Paragraph 18 of the Complaint with respect to its own activities and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 with respect to the other Defendants and therefore denies those allegations.

19. The Times denies the allegations of Paragraph 19 of the Complaint with respect to its own activities and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 with respect to the other Defendants and therefore denies those allegations.

20. The Times denies the allegations of Paragraph 20 of the Complaint with respect to its own activities and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 with respect to the other Defendants and therefore denies those allegations.

21. The Times denies that Plaintiff is entitled to recover damages from the Times and is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 with respect to the other Defendants and therefore denies those allegations.

22. The Times demands a trial by jury in this action.

## **Prayer for Relief**

The Times denies that Plaintiff is entitled to any relief and denies all of the allegations contained in paragraphs A-F of Plaintiff's Prayer for Relief or any other relief.

## AFFIRMATIVE DEFENSES

The Times asserts the following affirmative defenses:

1.	The Times does not infringe and has not infringed the '943 patent.

2.	The '943 patent is invalid under one or more provisions of Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

3.	Plaintiff's claims for patent infringement are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287.

4.	The Complaint fails to state a claim for which relief can be granted.

5.	Plaintiff's claims for relief are limited and/or barred in whole or in part by laches, prosecution laches, equitable estoppel and/or unclean hands.

6.	Plaintiff is estopped from enforcing the '943 patent as alleged because of statements, representations, and admissions made, and/or actions taken during the prosecution of the applications resulting in the '943 patent, including applications and patents in the same family.

7.	The Times reserves the right to add any additional defenses or counterclaims that discovery may reveal.

8.	Plaintiff's claims of willful infringement against the Times fail to state a claim and further violate Fed. R. Civ. P. 11.


## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

COMES NOW The New York Times Company (the "Times") in the capacity of Counterclaim-Plaintiff and files these its Counterclaims against Beneficial Innovations, Inc. ("Beneficial") and in so doing alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over these Counterclaims for declaratory relief under Title 35 of the United States Code, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b). Additionally, venue is proper because Beneficial has consented to venue in the Eastern District of Texas by filing its claim for patent infringement in this Court.

3.     Upon information and belief, and by virtue of the filing of the instant action, this Court has personal jurisdiction over Beneficial.

## PARTIES

4.     The Times is a corporation organized and existing under the laws of the State of New York and has its principal place of business at 620 Eighth Ave, New York, New York 10018.

5.     Upon information and belief, Beneficial is a corporation organized under the laws of State of Nevada.

## FACTS

6.     Beneficial has alleged that it is the owner of U.S. Patent No. 7,496,943, which issued on February 24, 2009 (the "'943 patent").

7.     Beneficial has sued the Times for infringement of the '943 patent, alleging that the Times has "infringed, contributed to the infringement, or induced others to infringe the '943 patent."

8.     As a result, there exists an actual and continuing controversy between the Times and Beneficial.

**COUNT I**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT UNDER 35 U.S.C. § 271 (a)-(c)**

9.      The Times repeats and realleges the allegations of paragraphs 1-8 as if fully set forth herein.

10.      The Times does not infringe any valid claim of the '943 patent.

11.      The Times does not induce others to infringe or contribute to the infringement of any valid claims of the '943 patent.

**COUNT II**
**DECLARATORY JUDGMENT OF**
**PATENT INVALIDITY**

12.      The Times repeats and realleges the allegations of paragraphs 1-11 as if fully set forth herein.

13.      The claims of the '943 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.


WHEREFORE, The Times respectfully requests that this Court enter the following relief:

a.      a declaratory judgment that the '943 patent is invalid;

b.      a declaratory judgment that The Times is not liable for infringement of any of the asserted claims of the '943 patent under 35 U.S.C. § 271 (a)-(c);

c.      a declaration that this case is exceptional under 35 U.S.C. § 285;

d.      a judgment in favor of the Times for its attorneys fees, costs, and expenses in this action; and

       e.       a judgment in favor of the Times for such further relief as this Court may deem just and proper.

Dated: November 4, 2009               Respectfully submitted,

By: _____/s/ Sam Baxter_____
          Samuel Franklin Baxter, Esq.
          McKool Smith
          104 East Houston Street
          Suite 300
          Marshall, TX  75670
          (903) 923-9000
          Fax: (903) 923-9099

          Ada Elene Brown
          McKool Smith
          300 Crescent Court
          Suite 1500
          Dallas , TX 75201
          (214) 978-4088
          Fax: (214) 978-4044

          Steven Lieberman
          Brian Rosenbloom
          Rothwell, Figg, Ernst & Manbeck
          1425 K Street, NW, Suite 800
          Washington, DC 20005
          (202) 783-6040
          Fax: (202) 783-6031

*Attorneys for Defendant The New York Times Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this the 4th day of November, 2009.

_/s/_____Sam Baxter_____