IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PLAINTIFF AND COUNTERDEFENDANT BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CAREERBUILDER, LLC., a Delaware corporation; CNET NETWORKS, INC., a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; GOOGLE INC., a Delaware corporation; JABEZ NETWORKS, INC., a Tennessee corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; THE NEW YORK TIMES COMPANY, a New York corporation; YAHOO! INC., a Delaware corporation; and YOUTUBE, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 2:09-CV-175-TJW <br><br> **Jury Trial Demanded** |

## PLAINTIFF AND COUNTERDEFENDANT BENEFICIAL INNOVATIONS, INC.'S REPLY TO COUNTERCLAIMS OF THE NEW YORK TIMES COMPANY

Plaintiff and Counterdefendant Beneficial Innovations, Inc. hereby answers the counterclaims of Defendant and Counterclaimant The New York Times Company ("The New York Times"). All of the allegations of the counterclaims not specifically admitted herein are specifically denied.

1

## ANSWER TO COUNTERCLAIMS

## JURISDICTION AND VENUE

1. Plaintiff and Counterdefendant Beneficial Innovations admits the allegations of subject matter jurisdiction contained in paragraph 1 of The New York Times' Counterclaims.

2. Plaintiff and Counterdefendant Beneficial Innovations admits that venue is proper in this District Court.

3. Plaintiff and Counterdefendant Beneficial Innovations admits the allegations contained in paragraph 3 of the The New York Times' Counterclaims.

## PARTIES

4. Upon information and belief, Plaintiff and Counterdefendant Beneficial Innovations admits the allegations contained in paragraph 4 of The New York Times' Counterclaims.

5. Plaintiff and Counterdefendant Beneficial Innovations admits the allegations contained in paragraph 5 of The New York Times' Counterclaims.

## FACTS

6. Plaintiff and Counterdefendant Beneficial Innovations admits that it is the owner of all rights, title, and interest in the '943 patent through assignment.

7. Plaintiff and Counterdefendant Beneficial Innovations admits the allegations contained in paragraph 7 of The New York Times' Counterclaims.

8. Plaintiff and Counterdefendant Beneficial Innovations admits that there exists an actual and continuing controversy between Beneficial Innovations and The New York Times.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT UNDER 35 U.S.C. § 271 (a)-(c)

9. Paragraph 9 of The New York Times' Counterclaims re-alleges and incorporates by reference the allegations of paragraphs 1-8 of The New York Times' Counterclaims. Plaintiff and Counterdefendant Beneficial Innovations incorporates by reference its response to the allegations of paragraphs 1 through 8 above. Except as expressly admitted, Beneficial Innovations denies each of the allegations in paragraph 9 of The New York Times' Counterclaims.

10. Plaintiff and Counterdefendant Beneficial Innovations denies the allegations contained in paragraph 10 of The New York Times' Counterclaims.

11. Plaintiff and Counterdefendant Beneficial Innovations denies the allegations contained in paragraph 11 of The New York Times' Counterclaims.

## COUNT II
## DECLARATORY JUDGMENT OF
## PATENT INVALIDITY

12. Paragraph 12 of The New York Times' Counterclaims re-alleges and incorporates by reference the allegations of paragraphs 1-11 of The New York Times' Counterclaims. Plaintiff and Counterdefendant Beneficial Innovations incorporates by reference its response to the allegations of paragraphs 1 through 11 above. Except as expressly admitted, Beneficial Innovations denies each of the allegations in paragraph 12 of the Times' Counterclaims.

13. Plaintiff and Counterdefendant Beneficial Innovations denies the allegations contained in paragraph 13 of The New York Times' Counterclaims.

## PRAYER FOR RELIEF

Plaintiff and Counterdefendant Beneficial Innovations denies that The New York Times is entitled to the relief it seeks or any relief for the allegations made in its Answer and

Counterclaims. Plaintiff and Counterdefendant Beneficial Innovations requests that judgment be entered in its favor on all issues and it be awarded the appropriate damages, exceptional damages, costs, and attorneys' fees.

## **Demand for Jury Trial**

14. Plaintiff and Counterdefendant Beneficial Innovations demands trial by jury of all issues.

Dated: November 25, 2009                                   Respectfully submitted,


By: /s/ Julien A. Adams


S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Robert M Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

Of Counsel:

Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
email: greg@dovellaw.com
email:  julien@dovellaw.com

                                            ATTORNEYS FOR PLAINTIFF
                                            BENEFICIAL INNOVATIONS, LLC

**CERTIFICATE OF SERVICE**

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 25th day of November, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                              /s/ Julien A. Adams
                              Julien A. Adams