IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; DISNEY ONLINE, a California corporation; THE WALT DISNEY COMPANY; a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; FACEBOOK, INC., a Delaware corporation; GOOGLE INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; NBC UNIVERSAL, INC., a Delaware corporation; THE NEW YORK TIMES COMPANY, a New York corporation; and YOUTUBE, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 2:09-CV-175-TJW <br><br> TRIAL BY JURY DEMANDED |

## NBC UNIVERSAL, INC.'S ANSWER TO BENEFICIAL INNOVATIONS, INC.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and counterclaimant NBC Universal, Inc. ("Defendant") by and through its undersigned counsel, answers the Amended Complaint for Patent Infringement ("Complaint") of plaintiff and asserts counterclaims against counterdefendant Beneficial Innovations, Inc. ("Plaintiff"), as follows:

1

## INTRODUCTION

1.        NBC Universal, Inc. ("NBCU") admits that Plaintiff has brought this action seeking monetary damages and injunctive relief against the listed defendants.  NBCU denies that Plaintiff is entitled to the relief it seeks, or any relief at all, from NBCU and specifically denies that NBCU infringes United States Patent No. 7,496,943 (the "'943 patent"), either directly, contributorily, or by inducement.  NBCU denies any remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.        In response to paragraph 2 of the Complaint, NBCU admits that this action purports to arise under the patent laws of the United States.  NBCU admits that this Court has subject matter jurisdiction over Plaintiff's action.

3.        NBCU admits that while this is a proper venue for this action with respect to NBCU, it denies that this forum is appropriate pursuant to 28 U.S.C. § 1404. NBCU contends that venue should be transferred to a more convenient forum pursuant to such statute.   To the extent the allegations set forth in paragraph 3 relate to other defendants, NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

## PARTIES

4.        NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint, and therefore denies them.

5.        NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and therefore denies them.

7. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16. NBCU admits the allegations in paragraph 16 of the Complaint.

16. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and therefore denies them.

## FIRST CLAIM FOR PATENT INFRINGEMENT
## (INFRINGEMENT OF THE '943 PATENT)

16. NBCU reasserts and incorporates by reference its responses to all paragraphs as set forth above.

17. In response to paragraph 17 of the Complaint, NBCU admits that the United States Patent and Trademark Office apparently issued the '943 patent on February 24, 2009. NBCU admits that Exhibit A appears to be a true and correct copy of the '943 patent. NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Complaint, and therefore denies them.

18. NBCU admits that it operates the [www.nbc.com](www.nbc.com) website. NBCU denies the remaining allegations in paragraph 18 of the Complaint that pertain to NBCU. To the extent the allegations set forth in paragraph 18 relate to other defendants, NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

19. NBCU denies the allegations in paragraph 19 of the Complaint that pertain to NBCU. To the extent the allegations set forth in paragraph 19 relate to other defendants, NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

20. NBCU denies the allegations in paragraph 20 of the Complaint that pertain to NBCU. To the extent the allegations set forth in paragraph 20 relate to other defendants, NBCU is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

21. NBCU denies the allegations in paragraph 21 of the Complaint that pertain to NBCU. To the extent the allegations set forth in paragraph 21 relate to other defendants, NBCU

is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and therefore denies them.

22. NBCU admits that Plaintiff demands a trial by jury of all issues relating to this claim.

## PRAYER FOR RELIEF

NBCU denies that Plaintiff is entitled to any or all of the relief sought by its Prayer for Relief, set forth on pages 5-6 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, NBCU asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### Non-Infringement of the '943 patent

1. NBCU has not infringed, and currently does not infringe, the '943 patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## SECOND AFFIRMATIVE DEFENSE
### Invalidity and/or Enforceability of the '943 patent

2. The claims of the '943 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

3. On information and belief, the relief sought by Plaintiff as to the '943 patent is barred under the doctrine of prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### Failure to State a Claim for Relief

4. The Complaint fails to state a claim upon which relief can be granted because, among other things, the Complaint fails to meet the pleadings standards set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### FIFTH AFFIRMATIVE DEFENSE
### Limitations on Damages and Costs

5. Plaintiff's claim for relief and prayer for damages are limited by 35 U.S.C. § 287. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

### SIXTH AFFIRMATIVE DEFENSE
### Plaintiff Cannot Prove Exceptional Case

6. Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against NBCU pursuant to 35 U.S.C. § 285.

### SEVENTH AFFIRMATIVE DEFENSE
### Equitable Defenses

7. The Complaint is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel and/or unclean hands. On information and belief, during prior litigations, Plaintiff became aware of prior art invalidating the -943 Patent. Plaintiff nevertheless proceeded to assert the invalid patent in the instant action.

### EIGHTH AFFIRMATIVE DEFENSE
### Adequate Remedy at Law

8. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, NBC Universal, Inc. ("NBCU") for its Counterclaims against Beneficial Innovations, Inc. ("Plaintiff"), alleges as follows:

## PARTIES

1. NBCU is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in New York, New York.

2. Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Nevada. Upon information and belief, Plaintiff's principal place of business is Nevada.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), however as set forth above, NBCU contends this entire matter should be transferred pursuant to 28 U.S.C. § 1404.

## COUNTERCLAIMS

5. The '943 patent was issued, albeit improperly, by the United States Patent and Trademark Office on February 4, 2009. Plaintiff claims to be the exclusive licensee with all substantial rights to the '943 patent.

6. Plaintiff has alleged that certain acts by NBCU infringe the '943 patent. NBCU has denied that it infringes any valid or enforceable claim of the '943 patent.

7. An actual controversy exists between NBCU and Plaintiff regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '943 patent.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement

8. NBCU incorporates the allegations in paragraphs 1 through 22 of its Answer, paragraphs 1 through 8 of its Affirmative Defenses, and paragraphs 1 through 7 of these Counterclaims as if fully set forth herein.

9. NBCU has not infringed, and is not infringing, any valid and enforceable claim of the '943 patent.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Invalidity and/or Unenforceability

10. NBCU incorporates the allegations in paragraphs 1 through 22 of its Answer, paragraphs 1 through 8 of its Affirmative Defenses, and paragraphs 1 through 9 of these Counterclaims as if fully set forth herein.

11. The '943 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## EXCEPTIONAL CASE

12. On information and belief, this is an exceptional case entitling NBCU to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '943 patent against NBCU with the knowledge that the '943 patent is not infringed and/or is invalid.

## RELIEF REQUESTED

WHEREFORE, NBC Universal, Inc. ("NBCU") respectfully requests the following relief:

1. A judgment in favor of NBCU denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '943 patent is invalid and/or unenforceable;

3. A judgment declaring that NBCU has not infringed, and is not infringing, any valid and/or enforceable claim of the '943 patent, and that NBCU has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and/or enforceable claim of the '943 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding NBCU its costs, expenses, and reasonable attorneys' fees; and

5. That the Court award NBCU such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), NBC Universal, Inc. demands a trial by jury on all issues so triable.

Respectfully submitted,

  /s/ J. Thad Heartfield
J. Thad Heartfield
Texas Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Phone: (409) 866-3318
Fax: (409) 866-5789
E-mail: thad@jth-law.com

*Attorneys for NBC Universal, Inc.*

Of Counsel:
Charles K. Verhoeven
Jennifer A. Kash
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 4th day of December, 2009. Any other counsel of record will be served by first class mail.

      /s/ J. Thad Heartfield
      J. Thad Heartfield