IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; DISNEY ONLINE, a California corporation; THE WALT DISNEY COMPANY, a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; FACEBOOK, INC., a Delaware corporation ; GOOGLE INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; NBC UNIVERSAL, INC., a Delaware corporation; THE NEW YORK TIMES COMPANY, a New York corporation; and YOUTUBE, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 2:09-CV-175-TJW <br><br> **Jury Trial Demanded** |

**FACEBOOK, INC.'S ANSWER AND COUNTERCLAIMS TO BENEFICIAL INNOVATIONS, INC.'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and Counterclaimant FACEBOOK, INC. ("Facebook"), by and through the undersigned counsel, hereby submits the following Answer and Counterclaims to the Amended Complaint for Patent Infringement filed by plaintiff BENEFICIAL INNOVATIONS, INC. ("Beneficial"):

**INTRODUCTION**

1.  Facebook admits that the face of U.S. Patent No. 7,496,943 (the "'943 patent") is entitled "Networking System for Presenting Advertising." Facebook denies that it infringed,

contributed to the infringement of, or induced others to infringe the '943 patent. Facebook also denies that it infringes, contributes to the infringement of, or induces others to infringe the '943 patent. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

**JURISDICTION AND VENUE**

2. Facebook admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1338(a). Facebook denies that it has infringed or is infringing the '943 patent.

3. Facebook admits that this Court has personal jurisdiction over it. Except as otherwise admitted, Facebook denies the allegations of this paragraph.

**PLAINTIFF BENEFICIAL INNOVATIONS, INC.**

4. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

**DEFENDANTS**

5. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them

6. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

7. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

8. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

9. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

10. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

11. Admitted.

12. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

13. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

14. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

15. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

16. Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

16. [sic] Facebook lacks sufficient information to form a belief as to the truth of the allegations recited in this paragraph, and on that basis denies them.

## FIRST CAUSE OF ACTION

### (Alleged Infringement of the '943 Patent)

16. [sic] Facebook incorporates by reference paragraphs 1-12 of this Answer as if fully set forth herein.

17. Facebook admits that the face of U.S. Patent No. 7,496,943 (the "'943 patent") is entitled "Networking System for Presenting Advertising" and has an issuance date of February 24, 2009. Facebook admits that a copy of the '943 patent was attached to the Amended Complaint as Exhibit A. Facebook denies that the '943 patent was duly and legally issued.

Except as expressly admitted herein, Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

18. Facebook admits that it operates a website that can be found on the World Wide Web at http://www.facebook.com/. Facebook denies that it infringed, contributed to the infringement of, or induced others to infringe the '943 patent. Facebook also denies that it infringes, contributes to the infringement of, or induces others to infringe the '943 patent. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

19. Facebook denies the allegations of this paragraph as it relates to Facebook. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

20. Facebook denies that it is or has been willfully infringing one or more claims of the '943 patent. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them

21. Facebook denies that Beneficial is entitled to recover damages from Facebook. Facebook lacks sufficient information to form a belief as to the truth of the remaining allegations recited in this paragraph, and on that basis denies them.

22. This paragraph states a jury demand to which no response is required.

### **BENEFICIAL INNOVATIONS, INC.'S PRAYER FOR RELIEF**

Facebook incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Facebook denies that Beneficial is entitled to any relief sought in Beneficial's Prayer for Relief against Facebook, or otherwise.

# FACEBOOK, INC.'S AFFIRMATIVE DEFENSES

## First Affirmative Defense: Non-Infringement

1. Facebook is not infringing and has not infringed, directly, contributorily, or by inducement any claims of the '943 patent, either literally or under the doctrine of equivalents.

## Second Affirmative Defense: Invalidity

2. On information and belief, one or more of the claims of the '943 patent are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, *et. seq*.

## Third Affirmative Defense: Failure to State a Claim

3. The Amended Complaint fails to state a claim upon which relief can be granted.

## Fourth Affirmative Defense: No Injunctive Relief

4. Plaintiff's demand to enjoin Facebook is barred, as Plaintiff has suffered neither harm nor irreparable harm from Facebook's actions.

## Fifth Affirmative Defense: Failure to Mark

5. Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## Other Affirmative Defenses

6. Facebook reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

# COUNTERCLAIMS

Defendant and counterclaimant FACEBOOK, INC. ("Facebook"), by and through its undersigned counsel, hereby alleges the following counterclaims against plaintiff and counterclaim-defendant BENEFICIAL INNOVATIONS, INC. ("Beneficial").

## The Parties

7. Facebook is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1601 S. California Avenue, Palo Alto, California, 94304.

8. Facebook is informed and believes and, on that basis, alleges that counterclaim-defendant Beneficial is a corporation existing under and by virtue of the laws of the State of Nevada.

## Jurisdiction and Venue

9. This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Facebook seeks relief under the Declaratory Judgment Act. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10. The Court has personal jurisdiction and venue over Beneficial because it consented to personal jurisdiction and venue by filing the Amended Complaint in this action.

## Actual Controversy

11. Beneficial claims to be the assignee of the complete interest in the United States Patent No. 7,496,943 (the "'943 patent"), entitled "Networking System for Presenting Advertising." Beneficial alleged that Facebook has and is infringing the '943 patent.

12. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Facebook and Beneficial. Facebook seeks a declaration that it does not infringe the '943 patent, that the '943 patent is invalid, and that Beneficial's claims under the '943 patent are barred.

## Count I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,496,943)**

13. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

14. Facebook does not infringe and has not infringed, either directly or indirectly, contributorily or by inducement any claim of the '943 patent either literally or under the doctrine of equivalents and therefore is not liable for infringement thereof. Furthermore, Beneficial's claims under the '943 patent are barred for the reasons set forth above in Facebook's Affirmative Defenses.

## Count II

**(Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 7,496,943)**

15. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

16. The '943 patent and each claim thereof are invalid for failing to comply with the provision of the United States patent laws, including one or more of 35 U.S.C. §§ 101, *et seq*. Furthermore, Beneficial's claims under the '943 patent are barred for the reasons set forth above in Facebook's Affirmative Defenses.

## Relief Requested by Facebook

WHEREFORE, Facebook prays that this Court enter judgment:

A. In favor of Facebook, and against Beneficial, thereby dismissing Beneficial's Amended Complaint in its entirety, with prejudice, with Beneficial taking nothing by way of its claims.

B. Declaring and adjudging that Facebook does not infringe the '943 patent.

C. Declaring and adjudging that the '943 patent is invalid and/or unenforceable.

D. Ordering Beneficial to pay all costs incurred by Facebook in this action.

E. That the Court find and declare that Facebook has not infringed, contributorily infringed, or induced the infringement of, and is not now infringing, contributorily infringing, or inducing the infringement of any valid claim of U.S. Patent No. 7,496,943, directly or indirectly, under any subsection of 35 U.S.C. § 271;

F. Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Beneficial to pay Facebook's reasonable attorneys' fees incurred in this action; and

G. Awarding Facebook all other relief the Court deems just and proper.

## JURY DEMAND

Facebook demands a trial by jury as to all issues so triable.

Date: December 4, 2009

Respectfully submitted,

By: /s/ Deron R. Dacus
Deron R. Dacus
State Bar No. 00790553
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Phone: (903) 597-3301
Fax: (903) 597-2413
derond@rameyflock.com

Of Counsel:

Heidi L. Keefe (CA State Bar 178960)
Mark R. Weinstein (CA State Bar 193043)
Jeffrey T. Norberg (CA State Bar 215087)
Erica C. Tierney (CA State Bar 253557)
Melissa H. Keyes (CA State Bar 258605)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

Phone: (650) 843-5000
Fax: (650) 857-0663
hkeefe@cooley.com
mweinstein@cooley.com
jnorberg@cooley.com
etierney@cooley.com
mkeyes@cooley.com

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U. S. First Class Mail this 4th day of December, 2009.

                                            /s/ Deron R. Dacus
                                            Deron R. Dacus