## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br>                        Plaintiff, <br><br> v. <br><br> COMCAST CORPORATION, a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; DISNEY ONLINE, a California corporation; THE WALT DISNEY COMPANY, a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; FACEBOOK, INC., a Delaware corporation ; GOOGLE INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; NBC UNIVERSAL, INC., a Delaware corporation; THE NEW YORK TIMES COMPANY, a New York corporation; and YOUTUBE, LLC, a Delaware limited liability company, <br><br>                         Defendants. | Case No. 2:09-CV-175-TJW <br><br> **Jury Trial Demanded** |

### COMCAST'S ANSWER AND COUNTERCLAIMS TO
### BENEFICIAL INNOVATIONS, INC.'S AMENDED COMPLAINT

Comcast Interactive Media, LLC ("CIM") and Comcast Corporation (collectively "Comcast") file this Answer and Counterclaim to the Amended Complaint by Plaintiff Beneficial Innovations, Inc. ("Beneficial"). In the Amended Complaint Beneficial erroneously names Comcast Corporation, which does not own or operate the allegedly infringing website, as a defendant in this action. Comcast Corporation therefore appears and responds to the Amended Complaint only because it is named as a defendant therein, without admitting, and instead maintaining that it is not, a proper party to this action.

1

## I. ANSWER TO AMENDED COMPLAINT

### Introduction

1. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint with respect to the ownership of United States Patent No. 7,496,943 (the "'943 Patent") and on that basis denies those allegations. Comcast admits that Beneficial purports in the Amended Complaint to seek damages for alleged patent infringement and an injunction, but denies any infringement and denies that Beneficial is entitled to damages, an injunction or any other relief. Comcast denies the remaining allegations in Paragraph 1 of the Amended Complaint to the extent that those allegations are directed to the activities of Comcast. To the extent they are directed to the activities of other parties, Comcast lacks sufficient information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

### Jurisdiction and Venue

2. Comcast admits that Beneficial purports to bring this action under the patent laws of the United States, Title 35 United States Code. Comcast also admits that Beneficial purports to establish jurisdiction in the United States District Court based on 28 U.S.C. § 1338(a). Comcast denies all remaining allegations in Paragraph 2 of the Amended Complaint.

3. The allegations in Paragraph 3 of the Amended Complaint are legal conclusions as to which no answer is required, but to the extent an answer is required, Comcast denies all allegations in Paragraph 3 of the Amended Complaint to the extent that those allegations are directed to the activities of Comcast. Comcast further denies that Comcast Corporation has committed or is committing any acts in this judicial district. To the extent the allegations in Paragraph 3 of the Amended Complaint are directed at the activities of other parties, Comcast lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

### Plaintiff Beneficial Innovations

4. Comcast lacks knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 4 of the Amended Complaint, and on that basis denies those allegations.

**Defendants**

5. Comcast admits that Comcast Corporation has its principal place of business in Philadelphia, Pennsylvania, but denies that Comcast Corporation is organized and existing under the laws of the State of Delaware.

6. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint and on that basis denies those allegations.

7. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and on that basis denies those allegations.

8. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and on that basis denies those allegations.

9. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint and on that basis denies those allegations.

10. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and on that basis denies those allegations.

11. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint and on that basis denies those allegations.

12. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and on that basis denies those allegations.

13. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and on that basis denies those allegations.

14. Comcast lacks sufficient information to form a belief as to the truth of the

allegations in Paragraph 14 of the Amended Complaint and on that basis denies those allegations.

15. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and on that basis denies those allegations.

16. Plaintiff's Amended Complaint lists three consecutive paragraphs labeled Paragraph 16. For the purpose of this Answer, these paragraphs will be identified as Paragraphs 16(a), 16(b) and 16(c).

(16)(a). Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16(a) of the Amended Complaint and on that basis denies those allegations.

16(b). Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 16(b) of the Amended Complaint and on that basis denies those allegations.

## **First Claim for Patent Infringement**
## **(infringement of the '943 patent)**

16(c). Paragraph 16(c) incorporates the allegations of Paragraphs 1 through 12 of the Amended Complaint. Comcast incorporates by reference its responses to Paragraphs 1-12 of the Amended Complaint as if fully set forth herein.

17. Comcast admits that exhibit "A" of the Amended Complaint purports to be a copy of the '943 Patent. Comcast admits that Exhibit A, on its face, indicates that it was issued on February 24, 2009. Comcast lacks sufficient information to form a belief as to the truth of the allegation that Plaintiff is the owner of all right, title, and interest in the '943 patent, including all rights to pursue and collect damages for past infringement of the patent, and on that basis denies that allegation. Comcast denies the remaining allegations contained in paragraph 17 of the Amended Complaint.

18. Comcast denies the allegations in Paragraph 18 of the Amended Complaint to the

extent that those allegations are directed to the activities of Comcast. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint to the extent that the allegations in Paragraph 18 of the Amended Complaint are directed to the activities of parties other than Comcast, and on that basis denies those allegations.

19. Comcast denies the allegations in Paragraph 19 of the Amended Complaint to the extent that those allegations are directed to the activities of Comcast. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint to the extent that the allegations in Paragraph 19 of the Amended Complaint are directed to the activities of parties other than Comcast, and on that basis denies those allegations.

20. Comcast denies the allegations in Paragraph 20 of the Amended Complaint to the extent that those allegations are directed to the activities of Comcast. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint to the extent that the allegations in Paragraph 20 of the Amended Complaint are directed to the activities of parties other than Comcast, and on that basis denies those allegations.

21. Comcast denies the allegations in Paragraph 21 of the Amended Complaint to the extent that those allegations are directed to the activities of Comcast. Comcast lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint to the extent that the allegations in Paragraph 21 of the Amended Complaint are directed to the activities of parties other than Comcast, and on that basis denies those allegations.

22. Comcast admits that Beneficial demands a trial by jury but denies there any triable issues.

## **Prayer for Relief**

23. Comcast denies that Beneficial is entitled to any of the relief it has requested in paragraphs A-F of its prayer for relief, and denies all factual allegations contained therein.

24. To the extent that any allegations of the Amended Complaint have not been previously specifically admitted or denied, Comcast denies them.

## AFFIRMATIVE DEFENSES

Comcast asserts the following additional defenses to the allegations in the Amended Complaint.

### First Affirmative Defense

### (Failure to State a Claim)

38. Beneficial's Amended Complaint fails to state any claim upon which relief can be granted.

39. Comcast has not infringed any claim of the '943 patent asserted by Beneficial, either willfully or otherwise.

40. Comcast has not caused, with knowledge, specific intent or otherwise, equipment suppliers, service providers and/or others to infringe any claim of the '943 patent asserted by Beneficial either willfully or otherwise.

41. Beneficial's purported claims, individually and as a whole, are barred because they fail to state a claim upon which relief can be granted.

42. Beneficial has not been damaged in any amount, manner or at all by reason of any act alleged against Comcast therefore the relief prayed for cannot be granted.

43. Beneficial is not entitled to injunctive relief in any form whatsoever.

### Second Affirmative Defense

### (Invalidity)

44. One or more claims of the '943 patent asserted by Beneficial are invalid for failure to satisfy the conditions of patentability, including without limitation the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

### (Non-Infringement)

45. Comcast has not directly infringed (literally or under the doctrine of equivalents), induced another to infringe or contributed to another's infringement of any valid and enforceable claim of the '943 patent.

### Fourth Affirmative Defense

### (Failure to Mark)

46. Beneficial's Amended Complaint and the relief requested therein regarding claims of the '943 patent asserted by Beneficial are barred in whole or in part by the failure to mark or notify as required by 35 U.S.C. § 287.

### Fifth Affirmative Defense

### (License)

47. At least some of the acts alleged to be infringing in the Amended Complaint have been expressly or impliedly authorized by Beneficial pursuant to a license agreement with at least one third party.

48. Comcast is not liable to Beneficial for any such licensed and authorized acts.

### Sixth Affirmative Defense

### (Exhaustion)

49. At least some of the acts alleged to be infringing in the Amended Complaint constitute, involve or are otherwise directly related to acts by at least one third party authorized to perform such acts under a license agreement with Beneficial.

50. Comcast is not liable to Beneficial for such allegedly infringing acts because Beneficial's patent rights are exhausted with respect to such acts by Comcast.

### Seventh Affirmative Defense

### (Statute of Limitations)

51. To the extent Beneficial seeks damages for alleged infringement more than six years prior to the filing of the present Amended Complaint, Beneficial's claims are barred by the statute of limitations under 35 U.S.C. § 286.

### Eighth Affirmative Defense

### (Equitable Defenses)

52. The Amended Complaint is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel and/or unclean hands.

53. On information and belief, during prior litigations, Beneficial became aware of prior art invalidating the '943 Patent. Beneficial nevertheless proceeded to assert the invalid patent in the instant action.

54. On information and belief, Beneficial was and is aware, or at a minimum should have been and should be aware, that at least some of the acts alleged to be infringing in the Amended Complaint have been expressly authorized by Beneficial pursuant to a license agreement with at least one third party and that Comcast is not liable to Beneficial for such acts. But Beneficial has alleged and continues to allege that such expressly authorized and licensed acts nonetheless are infringing.

55. On information and belief, Beneficial was and is aware, or at a minimum should have been and should be aware, that at least some of the acts alleged to be infringing in the Amended Complaint constitute, involve or are directly related to acts by at least one third party authorized under a license agreement with Beneficial to engage in such acts, and that Comcast is not liable to Beneficial for such allegedly infringing acts because Beneficial's patent rights were

and are exhausted by such authorized third party acts. But Beneficial has alleged and continues to allege that such acts by Comcast nonetheless are infringing.

## Ninth Affirmative Defense

### (Adequate Remedy at Law)

56. Beneficial is not entitled to injunctive relief because any alleged injury to Beneficial is not immediate or irreparable and Beneficial has an adequate remedy at law.

## Reserving All Defenses

57. Comcast reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## II. COUNTERCLAIM

### The Parties

1. CIM and Comcast Corporation incorporate by reference their responses in Paragraphs 1-57 of their Answer to the Amended Complaint as though set forth fully and completely herein.

2. CIM is a Delaware limited liability company that maintains its principal place of business in Philadelphia, Pennsylvania.

3. Comcast Corporation is a Pennsylvania corporation that maintains its principal place of business in Philadelphia, Pennsylvania.

4. Comcast is informed and believes, and therefore alleges, that counterclaim defendant Beneficial is a Nevada corporation.

### Jurisdiction and Venue

5. This action arises under, and this Court has jurisdiction pursuant to, 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and the patent laws of the United States, Title 35, United States Code

and other statutes cited herein. This Court has subject matter jurisdiction over the claims asserted herein by reason of 28 U.S.C. §§ 1331 and 1338.

6. Beneficial has submitted itself to the personal jurisdiction of this Court because Beneficial filed this action in this Court.

7. While this venue is inconvenient for the parties and witnesses, and bears virtually no connection to this dispute, this district is a proper venue for this Counterclaim pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Beneficial filed its Amended Complaint in this district.

8. In the Amended Complaint, Beneficial purports to be the owner of the United States Patent No. 7,496,943 (the "'943 Patent") and alleges that Comcast Corporation infringed and is currently infringing one or more claims of the '943 Patent due to its purported operation of the website located at the uniform resource locator ("URL") www.comcast.net. Thus, an actual controversy within the meaning of 28 U.S.C. § 2201 exists between Comcast and Beneficial regarding the infringement, validity and enforceability of the '943 Patent.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment that Comcast has not Infringed the '943 Patent)**

9. Comcast incorporates by reference Paragraphs 1-8 of this Counterclaim as though set forth fully and completely herein.

10. Comcast has not infringed and is not now infringing, either directly, contributorily or through inducement, any valid and enforceable claim of the '943 Patent.

11. CIM is a wholly-owned subsidiary of Comcast Corporation.

12. CIM owns and operates the website located at the URL www.comcast.net.

13. As a result of Beneficial's actions and statements, including the filing of the Amended Complaint, an actual controversy exists between Comcast and Beneficial regarding alleged infringement of the '943 Patent.

14. Comcast is entitled to a declaration that it did not and does not infringe any valid and enforceable claim of the '943 Patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment that the '943 Patent is Invalid)**

15. Comcast incorporates by reference Paragraphs 1 though 14, inclusive, of this Counterclaim as though set forth fully and completely herein.

16. The claims of the '943 Patent are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

17. As a result of Beneficial's actions and statements, including the filing of the Amended Complaint, an actual controversy exists between Comcast and Beneficial regarding the validity of the '943 Patent.

18. Comcast is entitled to a declaration that the '943 Patent is invalid.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment that Comcast is Licensed under the '943 Patent)**

19. Comcast incorporates by reference Paragraphs 1 though 18, inclusive, of this Counterclaim as though set forth fully and completely herein.

20. Beneficial has alleged that certain acts purportedly performed by Comcast Corporation relating to the web site residing at the URL www.comcast.net directly and indirectly infringe the '943 Patent.

21. CIM owns and operates the website located at the URL www.comcast.net.

22. At least some of the acts alleged to be infringing in the Amended Complaint have been expressly or impliedly authorized by Beneficial pursuant to a license agreement with at least one third party.

23. Beneficial has denied that Comcast is licensed under the '943 Patent, and maintains that Comcast is liable to Beneficial for patent infringement.

24. As a result of Beneficial's actions and statements, including the filing of the Amended Complaint, an actual controversy exists between Comcast and Beneficial regarding whether Comcast is licensed under the '943 Patent.

25. Comcast is entitled to a declaration that certain of Comcast's acts are authorized and licensed under the '943 Patent, and that Comcast is not liable to Beneficial for any such licensed and authorized acts.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Judgment that Beneficial's Patent Rights are Exhausted)**

26. Comcast incorporates by reference Paragraphs 1 though 25, inclusive, of this Counterclaim as though set forth fully and completely herein.

27. Beneficial has alleged that certain acts purportedly performed by Comcast Corporation relating to the web site residing at the URL www.comcast.net directly and indirectly infringe the '943 Patent.

28. CIM owns and operates the website located at the URL www.comcast.net.

29. At least some of the acts alleged to be infringing in the Amended Complaint constitute, involve or are otherwise directly related to acts by at least one third party authorized to perform such acts under a license agreement with Beneficial.

30. Beneficial has denied that its purported patent rights under the '943 Patent are exhausted with respect to such acts by Comcast and maintains that Comcast is liable to Beneficial for patent infringement based on such acts.

31. As a result of Beneficial's actions and statements, including the filing of the Amended Complaint, an actual controversy exists between Comcast and Beneficial regarding whether Beneficial's purported patent rights are exhausted with respect to such acts by Comcast.

32. Comcast is entitled to a declaration that it is not liable to Beneficial for such acts because Beneficial's purported patent rights under the '943 Patent are exhausted with respect to such acts.

### REQUEST FOR RELIEF

**WHEREFORE**, Defendant and Counterclaimant Comcast prays:

A. That this Court enter an order declaring that Comcast has not infringed and does not infringe, either directly, contributorily or through inducement, any claim of the '943 Patent;

B. That this Court enter an order declaring that the '943 Patent is invalid and without force and effect;

C. That this Court enter an order declaring that certain of Comcast's acts are authorized and licensed under the '943 Patent, and that Comcast is not liable to Beneficial for any such licensed and authorized acts;

D. That this Court enter an order declaring that Beneficial's purported patent rights under the '943 Patent are exhausted with respect to certain acts of Comcast, and that Comcast is not liable to Beneficial for such acts;

E. That the underlying Amended Complaint be dismissed with prejudice and that all relief requested in the underlying Amended Complaint be denied;

F. That Comcast be awarded its costs and attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statutes; and

G. For such other and further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Comcast demands a trial by jury as to all issues so triable raised in the Amended Complaint, and in this Answer and Counterclaim.

December 4, 2009.                    Respectfully submitted,

/s/ Deron R. Dacus
Deron R. Dacus
State Bar No. 00790553
RAMEY & FLOCK
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (fax)
Email: derond@rameyflock.com

David J. Silbert
California State Bar #173128
(*pro hac vice* application to be filed)
dsilbert@kvn.com
Daniel K. Nazer
California State Bar #257380
(*pro hac vice* application to be filed)
dnazer@kvn.com
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Facsimile)

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIMANTS
COMCAST INTERACTIVE MEDIA, LLC
and COMCAST CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail this 4th day of December, 2009.

                                                */s/ Deron R. Dacus*
                                                Deron R. Dacus