IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION, a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; DISNEY ONLINE, a California corporation; THE WALT DISNEY COMPANY, a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; FACEBOOK, INC., a Delaware corporation; GOOGLE INC., a Delaware corporation; IAC SEARCH & MEDIA, INC., a Delaware corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; NBC UNIVERSAL, INC., a Delaware corporation; THE NEW YORK TIMES COMPANY, a New York corporation; and YOUTUBE, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 2:09-CV-175-TJW |

**DEFENDANTS DISNEY ONLINE, IAC SEARCH & MEDIA, INC., NBC UNIVERSAL, INC., FACEBOOK, INC., AND COMCAST CORPORATION'S
NOTICE OF OPPOSITION TO
MOTION TO CONSOLIDATE THIS ACTION
<u>WITH ACTIONS 2:07-CV-00263 AND 2:07-CV-00555</u>**

Defendants Disney Online, IAC Search & Media, Inc., NBC Universal, Inc., Facebook, Inc., and Comcast Corporation (the "New Defendants") hereby provide notice of their opposition to the motion currently pending in actions 2:07-cv-00263 and 2:07-cv-00555 requesting that this Court consolidate this action with those two actions.

**Background**

Two and a half years ago, on June 20, 2007, Plaintiff filed *Beneficial Innovations, Inc. v. Blockdot, Inc., et al.*, No. 2:07-cv-00263-TJW-CE (the "*Blockdot* action"), accusing ten defendants of infringing U.S. Patent No. 6,183,366 (the "'366 patent") and U.S. Patent No. 6,712,702 (the "'702 patent"). Two years ago, on December 20, 2007, the same Plaintiff filed *Beneficial Innovations, Inc. v. AOL LLC, et al.*, No. 2:07-cv-00555-TJW-CE (the "*AOL* action"), accusing an additional group of eight defendants of infringing the same two patents. None of the New Defendants was named as a party to either the *Blockdot* or *AOL* action. The *Blockdot* and *AOL* actions are currently in the final phase of Markman briefing, with the Markman hearing set for February 3, 2010. Substantial fact discovery has already been completed in those actions, including depositions of the inventors and several Rule 30(b)(6) representatives of the defendants, as well as document productions by all parties.

On February 24, 2009, the PTO issued U.S. Patent No. 7,496,943 (the "'943 patent"), which on its face claims to be a continuation of the '366 patent. On June 1, 2009, Plaintiff filed this action, *Beneficial Innovations, Inc. v. Comcast Corporation, et al.*, No. 2:09-cv-00175-TJW (the "'943 action"), accusing most of the same defendants in the two earlier actions of infringing the newly issued '943 patent.

On August 7, 2009, the defendants in the '943 action who were still defendants in the *Blockdot* and *AOL* actions as well – Google Inc., The Dallas Morning News, Inc., Morris Communications Company, LLC, Tribune Interactive, Inc., Yahoo! Inc., YouTube, LLC, The

New York Times Company, Eric's Universe Inc., CareerBuilder LLC, Cnet Networks, Inc., Digg, Inc., and Jabez Networks, Inc. (the "Old Defendants")[1] – moved to consolidate all three actions for all purposes, including trial. *See Blockdot* action, D.I. 197; *AOL* action, D.I. 180. Plaintiff opposed that motion on September 4, 2009 (*Blockdot* action, D.I. 202; *AOL* action, D.I. 188) and, on the same date, amended the complaint in the '943 action to add the New Defendants. '943 action, D.I. 13.

The New Defendants are not and have never been accused of infringing either of the two patents at issue in either the *Blockdot* or the *AOL* action. Those actions have progressed substantially over the last two years. Given the New Defendants' lack of connection to these prior lawsuits and to the patents-in-suit asserted there, there is no compelling reason to consolidate this case with those actions, and it would be manifestly unfair to do so, particularly on the schedule that the Old Defendants have proposed. This case involves a different patent and therefore requires a different factual and legal inquiry, which should proceed on a normal schedule, not one that has been needlessly truncated. Consolidation not only would force the New Defendants to proceed on a highly accelerated schedule, but also force them to play catch-up in two lawsuits in which much already has occurred. Accordingly, consolidation would be seriously prejudicial to the New Defendants, and for no good reason. The New Defendants therefore respectfully request that the Court deny the motion, at least to the extent it applies to them.

---

[1] Since then, the claims against several of these parties (*e.g.*, Yahoo! Inc., CareerBuilder LLC, Cnet Networks, Inc., Digg, Inc., Jabez Networks, Inc.) have been dismissed with prejudice.

**Argument**

**The Motion to Consolidate Should be Denied**

The Court has broad discretion in determining whether to consolidate cases pending before it. *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985). In exercising that discretion, courts consider a variety of factors, including the identity of the parties, the stages of preparedness of the cases, the commonality of legal and factual issues, and the danger of delaying cases that are approaching trial. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *Fenner Invs., Ltd. v. 3Com Corp.*, 2008 U.S. Dist. LEXIS 91768 (E.D. Tex. Nov. 12, 2008); *Kinberg v. Colorforms*, 1989 U.S. Dist. LEXIS 8360 (S.D.N.Y. July 21, 1989).

Each of these factors weighs decidedly against consolidation of the '943 action with the *Blockdot/AOL* actions.

A. **The '943 Action Involves Different Parties.**

The New Defendants are not and never have been defendants in either the *Blockdot* or the *AOL* actions, and have no corporate affiliation with any of the defendants in those two earlier cases. While the Old Defendants in the '943 action have defended their products and services against Plaintiff's claims of infringement since 2007, the New Defendants became involved in litigation with Plaintiff only a few months ago and only recently answered the Complaint on December 4, 2009. Moreover, because a number of the Old Defendants have settled, there are currently as many New Defendants in the '943 action as there are Old Defendants. Thus, consolidation would inconvenience and burden not a mere minority, but rather at least half of the defendants in this case. Indeed, with Plaintiff included, more parties oppose the proposed consolidation than support it.

### B. The '943 Action Involves Substantially Different Legal and Factual Issues.

The patent asserted in the '943 action is different from the patents asserted in the *Blockdot* and *AOL* actions. While these patents are related, the '943 patent includes 109 new claims, each of which requires a separate claim construction, invalidity and infringement analysis.

Each claim of the '943 patent includes many terms that do not appear in the asserted claims of the '366 and '702 patents at issue in the *Blockdot/AOL* actions. The meaning of some of these terms will likely be disputed by the parties, and will therefore require construction by the Court. As a result, a separate claim construction phase under the Court's local Patent Rules will be required.

In addition, the accused products and services in the '943 action are different from those accused in the *Blockdot* and *AOL* actions, if for no other reason than that they are offered by completely different companies. Because none of the products or services of the New Defendants was accused of infringing the '366 and '702 patents asserted in those actions, no discovery with respect to the New Defendants has been conducted yet. Indeed, all issues involving the New Defendants' accused products and services, including whether they infringe the '943 patent, are unique to the '943 action.

Similarly, there is little commonality between the '943 action and the *Blockdot/AOL* actions with respect to invalidity. The newly issued claims of the '943 patent, while claiming priority to the same provisional applications as the '366 and '702 patents, stand on their own, and require a separate invalidity inquiry, including prior art fact and expert discovery, which, in light of the number of claims at issue, will be substantial.

### C. The *Blockdot/AOL* Actions Are Two Years Ahead of the '943 Action.

Another compelling factor weighing against the requested consolidation is the relative level of preparedness of the cases at issue for trial. "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Fenner*, 2008 U.S. Dist. LEXIS 91768 (*quoting Mills*, 886 F.2d at 762) (denying motion to consolidate two patent cases asserting same patent because the cases were at different stages of trial).

The *Blockdot* action, filed in the summer of 2007, is currently set for trial in December 2010. In the '943 action, the New Defendants were added in September 2009, and the parties and the Court have not yet convened for a scheduling conference.

Also, much of the fact discovery has been completed in the *Blockdot/AOL* actions. For example, many key witnesses, including both named inventors and Rule 30(b)(6) representatives of several defendants, have already been deposed. The parties have exchanged their initial and additional disclosures, which included a substantial volume of documents, including the defendants' source code. The parties have also engaged in extensive written discovery, having served and responded to multiple sets of interrogatories.

Significantly, the parties in the *Blockdot/AOL* actions are in the final phase of claim construction proceedings. The parties have already complied with their obligations under P.R. 4-5(a)-(b), and will complete the claim construction briefing in two days. *See Blockdot* action, D.I. 192; *AOL* action, D.I. 173. The Markman hearing is set for February 3, 2010. *See id*. Therefore, to the extent the Old Defendants wished to incorporate into the currently on-going claim construction proceedings terms and issues related to the '943 patent, it is simply too late to do so. With the Markman proceeding in the *Blockdot/AOL* actions almost complete, the Court would have to schedule a second Markman proceeding for the '943 patent, which would render

consolidation meaningless. The fact that the '943 patent cannot be construed at the same time as the '366 and '702 patents alone warrants denial of the motion.

### D.  The Proposed Consolidated Schedule Would Be Impossible to Implement.

The scheduling impossibilities arising from the Old Defendants' effort to consolidate the '943 action with the *Blockdot/AOL* actions are not limited to Markman deadlines. The following deadlines under the proposed consolidated schedule have already passed:

- Compliance with P.R. 3-1 and 3-2         10/16/09
- Compliance with P.R. 3-3 and 3-4         11/13/09
- Compliance with P.R. 4-1                 12/4/09

Even if the Court were to consider extending these dates, the overall proposed schedule is set so aggressively that moving these and other dates that cannot be practically met would necessarily delay the trial in the *Blockdot/AOL* actions further. This only underscores how inappropriate and unworkable the proposed consolidation is.

### Conclusion

The New Defendants would be severely prejudiced if the '943 action were consolidated with the *Blockdot/AOL* actions - without any corresponding benefit. Therefore, the New Defendants respectfully request that the Court deny the motion. In the event the Court decides to grant consolidation, the New Defendants request that the Court allow them to file a motion to sever into a separate action all claims in the '943 action that involve the New Defendants.

7

DATE: December 15, 2009				Respectfully submitted,


						By/s/ J. Thad Heartfield
						   J. Thad Heartfield
						   Texas Bar No. 09346800
						   E-mail: thad@jth-law.com
						   M. Dru Montgomery
						   Texas Bar No. 24010800
						   E-mail: dru@jth-law.com
						   THE HEARTFIELD LAW FIRM
						   2195 Dowlen Road
						   Beaumont, Texas 77706
						   Phone: (409) 866-3318
						   Fax: (409) 866-5789
						   *Attorneys for Defendants and*
						   *Counterclaimants Disney Online, IAC*
						   *Search & Media, Inc., NBC Universal, Inc.*

*Of Counsel*:

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Charles K. Verhoeven
Jennifer A. Kash
Alison E. Monahan
Howard Chen
50 California Street, 22nd Floor
San Francisco, California  94111
(415) 875-6600

Tigran Vardanian
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

By: /s/ Erica C. Tierney
Heidi L. Keefe (CA State Bar 178960)
Mark R. Weinstein (CA State Bar 193043)
Jeffrey T. Norberg (CA State Bar 215087)
Erica C. Tierney (CA State Bar 253557)
Melissa H. Keyes (CA State Bar 258605)
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone: (650) 843-5000
Fax: (650) 857-0663
hkeefe@cooley.com
mweinstein@cooley.com
jnorberg@cooley.com
etierney@cooley.com
mkeyes@cooley.com

Deron R. Dacus
State Bar No. 00790553
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Phone: (903) 597-3301
Fax: (903) 597-2413
derond@rameyflock.com

*Attorneys for Defendant and Counterclaimant Facebook, Inc.*

By: /s/ Deron R. Dacus
Deron R. Dacus
State Bar No. 00790553
RAMEY & FLOCK
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (fax)
Email: derond@rameyflock.com

*Attorneys for Defendant and Counterclaimant Comcast Corporation*

**CERTIFICATE OF SERVICE**

       The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of December, 2009. Any other counsel of record will be served by first class mail.

                                            /s/ J. Thad Heartfield
                                            J. Thad Heartfield