IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CAREERBUILDER, LLC., a Delaware corporation; CNET NETWORKS, INC., a Delaware corporation; THE DALLAS MORNING NEWS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; GOOGLE INC., a Delaware corporation; JABEZ NETWORKS, INC., a Tennessee corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; THE NEW YORK TIMES COMPANY, a New York corporation; YAHOO! INC., a Delaware corporation; and YOUTUBE, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 2:09-CV-175-TJW <br><br> **Jury Trial Demanded** |

## PLAINTIFF AND COUNTERDEFENDANT BENEFICIAL INNOVATIONS, INC.'S REPLY TO COUNTERCLAIMS OF DEFENDANT DISNEY ONLINE.

Plaintiff and Counterdefendant Beneficial Innovations, Inc. ("Beneficial Innovations") hereby answers the counterclaims of Defendant and Counterclaimant Disney Online ("Disney"). All of the allegations of Disney's Counterclaims not specifically admitted are hereby denied.

## PARTIES

1. Upon information and belief, Plaintiff and Counterdefendant Beneficial Innovations admits that Disney is a corporation organized and existing under the laws of the state of California with its principal place of business in Burbank, California.

2. Plaintiff and Counterdefendant Beneficial Innovations admits it is a corporation existing under and by virtue of the laws of the State of Nevada and denies all other allegations contained in paragraph 2 of Disney's Counterclaims.

## JURISDICTION AND VENUE

3. Plaintiff and Counterdefendant Beneficial Innovations admits the allegations of subject matter jurisdiction in Paragraph 3 of Disney's Counterclaims.

4. Plaintiff and Counterdefendant Beneficial Innovations admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c). Beneficial Innovations denies all other allegations contained in Paragraph 4 of Disney's Counterclaims.

## COUNTERCLAIMS

5. Plaintiff and Counterdefendant Beneficial Innovations admits that the '943 patent was issued by the United States Patent and Trademark Office on February 4, 2009, and that it is the owner of all rights and title to the '943 patent. Beneficial Innovations denies all other allegations contained in paragraph 5 of Disney's Counterclaims.

6. Plaintiff and Counterdefendant Beneficial Innovations admits that it has alleged that certain acts by Disney Online infringe the '943 Patent, which allegations Disney denies.

7. Plaintiff and Counterdefendant Beneficial Innovations admits that an actual controversy exists between Disney and Beneficial Innovations regarding the validity, enforceability, and infringement of any valid and enforceable claim of the '943 Patent.

## FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement

8. Paragraph 8 of Disney's Counterclaims incorporates the allegations in Paragraphs 1 through 22 of its Answer, Paragraphs 1 though 8 of its Affirmative Defenses, and Paragraphs 1 through 7 of its Counterclaims. Beneficial Innovations incorporates by reference its response to Paragraphs 1 through 7 of Disney's Counterclaims. Except as expressly admitted, Beneficial Innovations denies each of the allegations of Paragraph 8.

9. Plaintiff and Counterdefendant Beneficial Innovations denies the allegations contained in Paragraph 9 of Disney's Counterclaims.

## SECOND CAUSE OF ACTION
### Declaratory Judgment of Invalidity and/or Unenforceability

10. Paragraph 10 of Disney's Counterclaims incorporates the allegations in Paragraphs 1 through 22 of its Answer, Paragraphs 1 though 8 of its Affirmative Defenses, and Paragraphs 1 through 9 of its Counterclaims. Beneficial Innovations incorporates by reference its response to Paragraphs 1 through 9 of Disney's Counterclaims. Except as expressly admitted, Beneficial Innovations denies each of the allegations of Paragraph 10.

11. Plaintiff and Counterdefendant Beneficial Innovations denies the allegations contained in Paragraph 11 of Disney's Counterclaims.

## EXCEPTIONAL CASE

12. Plaintiff and Counterdefendant Beneficial Innovations denies the allegations contained in Paragraph 12 of Disney's Counterclaims.

## RELIEF REQUESTED

Plaintiff and Counterdefendant Beneficial Innovations denies that Disney is entitled to the relief it seeks or any relief for the allegations made in its Answer and Counterclaims. Plaintiff and

Counterdefendant Beneficial Innovations requests that judgment be entered in its favor on all issues and it be awarded the appropriate damages, exceptional damages, costs, and attorneys' fees.

## **DEMAND FOR JURY TRIAL**

Plaintiff and Counterdefendant Beneficial Innovations demands trial by jury of all issues.

Dated: December 28, 2009

Respectfully submitted,
By: /s/ Julien A. Adams

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Robert M Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: 903/531-3535
Facsimile: 903/533-9687

Of Counsel:
Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
email: greg@dovellaw.com
email: julien@dovellaw.com

ATTORNEYS FOR PLAINTIFF
BENEFICIAL INNOVATIONS, LLC

**CERTIFICATE OF SERVICE**

   I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of December 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

            /s/ Julien A. Adams
            Julien A. Adams